No. 5542.

JOHN BEESON *v.* THE STATE.

MALICIOUS MISCHIEF.—INFORMATION in this case, charging malicious injury to a private store house, was formulated under Article 683 of the Penal Code, which article relates only to the destruction of or injury to "growing fruit, corn, grain, or other agricultural product or property, real or personal." The information, therefore, charges no offense against the laws of the State, and will not support this conviction.

APPEAL from the County Court of Llano. Tried below before the Hon. E. C. Bonham, County Judge.

The opinion states the case. The penalty imposed was a fine of twenty-five dollars.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. In this case the information charges that the defendant "did willfully and mischievously injure and destroy certain property, to wit, ten panes of window glass, by then and there breaking and knocking the said panes of glass out of the window of a certain store house then and there situated in the town of Llano, in said county, the same being then and there the property of Miles Barter," etc.

This prosecution was no doubt maintained in the trial court under Article 683 of the Penal Code. That Article does not relate to the destruction of, or injuries to, the kind of property named in the indictment. It relates only to "growing fruit, corn, grain, or other agricultural product or property, real or personal." A store house is not agricultural property, and is not within the protection of this statute. (Murray and Anthony v. The State, 21 Texas Ct. App., 620.) The facts charged in the information do not constitute an offense against the penal law of this State, and the court erred in not sustaining defendant's exceptions to the information.

Because of this error, the judgment is reversed, and because

the information charges no offense against the law, the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered June 1, 1887.